---

TUMBLESTON v. RUMPH.

1. BETTERMENT LAW—COMPLAINT.—An allegation that plaintiffs at the time they took title to land believed that they were receiving a valid and indefeasible title in fee simple to the same, and that at the time that they made improvements on the land were "in possession, believing themselves to be the owners in fee," is not an allegation that the plaintiffs "believed, at the time of purchase, that the title was good in fee."

2. AN EXCEPTION as to an immaterial expression in the order of the Circuit Judge, not considered.

3. BETTERMENT LAW—COMPLAINT.—Under the betterment law, as incorporated in the Revised Statutes, a party who has been adjudged not entitled to the land in controversy, may, after such judgment, proceed by summons and complaint, under section 1952, to recover from the true owner the value of all improvements put upon the land by the plaintiff in such complaint, if he, or those under whom he claims, supposed at the time of their purchase that the title was good in fee.

4. BETTERMENT LAW—COMPLAINT—AMENDMENT.—The complaint having failed to allege that the plaintiff, or those under whom he claimed, supposed at the time of purchase that the title was good in fee, it was properly held bad on demurrer, but it was a proper case for amendment, and leave to amend should have been granted.

5. *Per* McIVER, C. J. The force that should be given to the Revised Statutes of 1893, stated.

MR. CHIEF JUSTICE McIVER *dissenting*.

Before FRASER, J., Colleton, February, 1893.

These were four actions against George Rumph, commenced in February, 1891, by Elizabeth Tumbleston, Ervin Seigler, Sarah Ann Reeves, and Joseph Hiott *et al.*, respectively, to recover the value of improvements put upon lands severally recovered from them by the said George Rumph. The order of the Circuit Judge was as follows:

These cases were heard by me at the term of the court held in February, 1893, on demurrers, in that the complaints did not state facts sufficient to constitute a cause of action. In the first of the above cases, there is an additional ground: that there is a misjoinder as to Josiah Hiott, even if there is a good cause of action in favor of the other plaintiffs in that case. In the view I take of these cases, it is not necessary to rule on this question.

These actions are claims for betterments made by the plaintiffs against the same defendant, who had brought several actions, or perhaps one action, against these several plaintiffs, resulting in a verdict and judgment in favor of the defendant in these cases, who was in the former action the plaintiff. They were legal actions. In such actions, it is provided in General Statutes, sections 1835, 1836, and 1837, that within 48 hours, or during the term, the defendant may "file a complaint" for so much money as the lands are made better by improvements. In these cases, the value of the improvements can be recovered in cases where the purchaser who made the improvements supposed at the time of such purchase, such title to be good in fee. See Gen. Stat., §§ 1835, 1836, 1837. These three sections have not been repealed, but, by the act of 1885 (see act

1885, p. 432), secs. 1838 and 1839 have been amended. An examination will show that these two sections refer to the *mode of procedure* in reference to the verdict and judgment for the improvements, and the mode of enforcing the judgment. In these cases the claim for improvements can be made only by compliance in the way provided by the statute.

There is, however, another act of 1885 (see act, p. 343), which gives a remedy for improvements in "legal and equitable" actions. In these cases, to entitle the defendant to recover, the improvements or betterments must be made by a defendant who "believed at the time he makes such improvements or betterments that his title thereto is good in fee." The defendant is "allowed to set up in his answer a claim for so much money as the land has been increased in value in consequence of the improvements." Then follows in the act special directions as to the verdict, judgment, and execution. After a careful consideration, I am satisfied that this act does not in any way modify the right to claim improvements, or the mode of procedure as given by sections 1835, 1836, 1837, 1838, and 1839, as amended at p. 432, act 1885. In the first case, the defendant must suppose his title to be good at the date of his purchase, and the remedy is by complaint. In the second case, the defendant must believe his title to be good when he makes the improvements, and his remedy is by answer.

In all four of the cases above stated, the allegation is that the plaintiffs—the defendants in the original case—made the improvements "believing themselves to be the owners in fee." There is no allegation that they, or those under whom they claim, believed at the time of the purchase that the title was good, an allegation which seems to have been carefully avoided. These remedies are given by statute, and must be governed by the statute; not only as to the extent of the right, but as to the mode in which the claim is to be set up. In all four of these cases, if the plaintiff had any valid claim for the value of improvements, that claim should have been set up in their answers to the original complaint, and not by way of complaint after the rendition of the verdict and judgment thereon.

It is, therefore, ordered and adjudged, that the demurrers be

sustained in each of the above stated cases; and as, in my view, there is nothing to amend to, it is ordered and adjudged, that the complaints in each of the above cases be dismissed with costs.

*Mr. W. B. Gruber*, for appellants.

*Messrs. Howell, Murphy & Farrow*, contra.

March 6, 1895.    The opinion of the court was delivered by

MR. JUSTICE GARY.    These four cases were called for trial at the February (1893) term of the Court of Common Pleas for Colleton County, before his honor, T. B. Fraser, presiding judge.    On the call of the cases, the defendant, through his attorneys, interposed an oral demurrer to each of the complaints, upon the grounds that the complaints did not allege facts sufficient to constitute a cause of action.    The presiding judge took the papers away with him, and on the 30th of June, 1893, made an order sustaining the demurrer on this ground in each of the cases, refused leave to amend, and ordered the actions dismissed with costs; which order will be incorporated in the report of the case.

The allegations in the several complaints as to the belief of ownership of the land are substantially the same.    In the case of Elizabeth Tumbleston v. George Rumph, it is alleged that, "at the time the plaintiff took a title to said one hundred acres, she believed that she was receiving a valid and indefeasible title in fee simple to the same.    That while this plaintiff, and those under whom she claims, were in possession of the thirty-six acres above described, believing themselves to be the owners in fee thereof, they made many and valuable and permanent improvements thereon, whereby said premises were enhanced in value to the extent of five hundred and twenty-five dollars."

Appellant's first exception is as follows: "That the presiding judge erred in holding that there was no allegations in the complaints that the plaintiffs, or those under whom they claim, believed, at the time of the purchase, that the title was good in fee."    An inspection of the complaints will show that there was no allegation that the plaintiff, or those

under whom they claim, believed, at the time of the purchase, that the title was good in fee, and, therefore, this exception is overruled.

The appellant's second exception is as follows: "Because the presiding judge erred in holding that it seemed that such allegation had been carefully avoided." This expression is wholly immaterial, and need not be considered.

The appellant's third exception is as follows: "That the presiding judge erred in deciding that in all four of these cases, if the plaintiff had any valid claim for the value of improvements, that claim should have been set up in their answers to the original complaints, and not by way of complaint after the rendition of the verdict and judgment thereon." Section 1952 of the Revised Statutes (1893) is as follows: "After final judgment in favor of the plaintiff in an action to recover lands and tenements, if the defendant, or those under whom he claimed, purchased the lands recovered in such action, or took a lease thereof, supposing at the time of such purchase such title to be good in fee, or such lease to convey and secure the title and interest therein expressed, the defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such lands by such defendant, or those under whom he claims, in the manner hereinafter provided." Section 1957 of the Revised Statutes is as follows: "In any action hereafter brought, or now pending, and which has not been heard, for the recovery of lands and tenements, whether such action be denominated legal or equitable, the defendant, who may have made improvements or betterments on such land, believing at the time he makes such improvements or betterments that his title thereto was good in fee, shall be allowed to set up in his answer a claim against his plaintiff for so much money as the land has been increased in value in consequence of the improvements so made."

The statutes in regard to betterments were not intended simply as affirmations of the doctrine prevailing in cases of purchasers for valuable consideration without notice, but for the purpose of softening the asperities of the law, and affording relief where none otherwise existed. The requirements of sec-

tion 1952, *supra*, are that the defendant, or those under whom
he claims, should have been *purchasers* of the lands and tene-
ments recovered; and that the defendant, or those under whom
he claims, should have *supposed* at the time of such purchase
such title to be good in fee. If the defendant, or those under
whom he claimed, supposed at the time of *purchase* the title to
be good in fee, he shall be allowed compensation for improve-
ments made after notice that the title was in another. *Templeton*
v. *Lowry*, 22 S. C., 392; *McKnight* v. *Cooper*, 27 *Id.*, 92. Where
the defendant, or those under whom he claims, really and hon-
estly supposed at the time of purchase that the title was good
in fee, he will be allowed compensation for improvements made
upon the land recovered, even though he, or those under whom
he claims, may have had knowledge of such facts as were suf-
ficient to put upon inquiry, which, if it had been properly
pursued, would have led to knowledge of the fact that the title
was in another. *Templeton* v. *Lowry*, *supra*.

Section 1957 was intended to afford relief in such cases as
were not covered by section 1952, by providing that the defend-
ant who may have made improvements or betterments on the
lands sought to be recovered from him, believing *at the time he
made such improvements or betterments*, that his title thereto was
good in fee, should be allowed to set up in his answer a claim
against the plaintiff for so much money as the land was increased
in value, in consequence of the improvements so made, even
where neither *the defendant nor those under whom he claims supposed
at the time of purchase such title to be good in fee.* The defendant
may have believed in a certain case *at the time he made the im-
provements or betterments* that his title was good in fee; the de-
fendant, or those under whom he claims, may also have believed
at the time of *purchase* such title to be good in fee; in that case
he could bring his action under section 1952. Section 1957 was
intended to supplement, not to supercede, the provision of sec-
tion 1952. The plaintiff attempted to set out in his complaint
such allegations as would bring the case under section 1952,
and we are of the opinion that the presiding judge was in error
in deciding in the manner alleged in appellant's third excep-
tion. This exception is, therefore, sustained.

Appellant's fourth exception is as follows: "That the presiding judge erred in sustaining the demurrer to the complaints herein, and ordering that the complaints be dismissed."

4  There was no allegation that the plaintiff, or those under whom they claimed, purchased the lands recovered from them, supposing, at the time of such purchase, the title to be good in fee.  This allegation was indispensable, and the presiding judge very properly sustained the demurrers.  But, for the reasons stated in considering the next exception, he was in error in dismissing the complaints.

Appellant's fifth exception is as follows: "That the presiding judge erred in deciding that there was nothing to amend to, and refusing leave to the plaintiffs to amend their complaints." Under the authority of *McKnight* v. *Cooper*, 27 S. C., 92, we think the Circuit Judge was in error in refusing to allow the plaintiffs to amend the complaints herein.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, with leave to the plaintiffs to amend their complaints by alleging such other facts as they may be advised are necessary to state a cause of action under section 1952 of the Revised Statutes of this State.

MR. CHIEF JUSTICE MCIVER.  Being unable to adopt the view taken by Mr. Justice Gary of the questions presented by the appeals in the four cases above stated, which are practically the same, I propose to state briefly what I consider is the proper view.  For this purpose, it will be necessary to review the legislation upon the subject of betterments.

The first statute which I find upon the subject is the act of 1870 (14 Stat., 313), the provisions of which have been incorporated *in totidem verbis* in the General Statutes of 1882, sections 1835–1841, both inclusive, with a correction of what is manifestly a mere clerical error in section 7 of the act, which does not alter the sense of the passage.  Without undertaking to set forth a literal copy of these provisions, it will be sufficient to say in general terms, that section 1835 provides that, after final judgment in favor of the plaintiff in an action to recover the possession of lands, if the defendant has purchased

the lands, *"supposing at the time of such purchase"* that his title was good in fee, such defendant may recover from the said plaintiff the full value of all improvements made upon such lands by such defendant, *"or those under whom he claims."* Section 1836 simply provides how the value of the improvements shall be measured. Section 1837 provides how the value of the improvements shall be recovered, to wit: by filing a complaint for the same "within forty-eight hours, or during the term of the court" in which the judgment for the recovery of the lands shall be rendered. Section 1838 provides that "on the entry of such action," by which I understand, upon the filing of the complaint as provided for in section 1837, the court shall stay all proceedings upon the judgment obtained in the action for the recovery of the lands, until a final judgment shall be rendered under the complaint for the recovery of the value of the improvements. Section 1839 provides that execution on the judgment rendered in the action for the value of the improvements, shall issue only against the lands recovered in the original action, and not against any other property of the plaintiff in such action. Section 1840 contains provisions which do not seem to be pertinent to the present inquiry. The same remark may be made as to the provisions of section 1841.

Next we find the act of 1885, entitled "An act to authorize defendants in actions to recover lands to set up a claim for improvements." 19 Stat., 343. This act entirely ignores the provisions contained in the several sections of the General Statutes above referred to, and, without making any reference thereto, provides as follows: "Section 1. Be it enacted, &c., that in any action hereafter brought, or now pending, and which has not been heard, for the recovery of lands and tenements, whether such action be denominated legal or equitable, the defendant who may have made improvements or betterments on such land, believing at the time he makes such improvements or betterments that his title thereto was good in fee, shall be allowed to set up in his answer a claim against the plaintiff for so much money as the land has been increased in value in consequence of the improvements so made. Sec. 2. If the verdict or decree shall be for the plaintiff in such action, the jury or

judge who may render the same, may at the same time render a verdict or decree for the defendant for so much money as the lands and tenements are so made better, after deducting the amount of damages, if any, recovered by the plaintiff in such action, and the lands and tenements as recovered shall be held to respond to such judgment for the defendant: *Provided*, That execution on such judgment shall issue only against such lands and tenements so recovered by the plaintiff in such action, and shall not in any such case issue against the goods and chattels or other lands of the defendant. [Plaintiff?] Sec. 3. That all acts and parts of acts inconsistent with this act be, and the same are hereby, repealed."

On the same day, to wit: the 26th of December, 1885, on which the foregoing act was passed, the legislature passed another act (19 Stat., 432), the title of which is: "An act to amend sections 1838 and 1839 of the General Statutes, relating to improvements made upon lands by occupying claimants." By this last mentioned act, section 1838 is amended so as to provide for the rendition of a special verdict, "stating the value of the lands and tenements without the improvements put thereon in good faith by the defendants, and the value thereof with improvements," and that defendant shall be entitled to a verdict for the value of the improvements thus ascertained, with interest from the date of the recovery of the lands. And section 1839 is so amended as to provide for a sale of the land recovered, the proceeds of which shall first be applied to the payment to the plaintiff in ejectment of the amount of the value of his land thus ascertained, and the surplus, if any, to the improving tenant, and also so as to make the judgment for betterment a lien on said land in preference to all other liens: Provided, however, That if the plaintiff in ejectment shall, within sixty days after the aforesaid special verdict, pay into the office of the clerk of the court for the defendant, the value of the betterments so found by the special verdict, no sale of the land shall be ordered.

Finally, it appears that all of the provisions of the General Statutes of 1882, as amended by the act of 1885, last referred to, as well as the provisions of the act of 1885, above copied,

have been incorporated in the Revised Statutes of 1893 as sections 1952–1960, both inclusive; but it must be remembered that these Revised Statutes, not having passed through the constitutional forms necessary for that purpose, cannot be regarded as having the force of law, although such revision has, by the act of 4th January, 1894 (21 Stat., 502), been "approved as a revision, digest, and arrangement of the statute law, civil and criminal, of the State of South Carolina, as it stood at the date of the said report," to wit: on the 28th day of November, 1893, which, at most, can only operate as a legislative construction of what is the law, and not as a valid enactment of law.

From this review of the present state of the legislation upon the subject of betterments, it is manifest that the law upon that subject has been left in some confusion, to say the least of it. By the act of 1870, as it will be designated for convenience, inasmuch as we have seen the provisions of that act constitute the sections of the General Statutes of 1882, usually referred to as containing the original law upon the subject, provision was made whereby a defendant, from whom land was recovered in an action of ejectment, might recover from the plaintiff in such action the value of any improvement made upon such land, either by himself or by those under whom he claims, provided he has *purchased* the land, and supposed, *at the time of such purchase,* that his title was good in fee. And the mode of proceeding by which such claim was to be asserted was specifically described and limited, to wit: by filing a complaint within forty-eight hours after the judgment in the action of ejectment was rendered, or during the term of court at which such judgment was obtained.

But the provisions of the act of 1885, copied above, are that a defendant from whom land has been recovered in an action of ejectment, whether he acquired the same by *purchase* or otherwise, may recover the value of the improvements which *he* has put upon the said land, or by those under whom he claims (as in the act of 1870), provided he believed "*at the time he makes such improvements* or betterments that his title thereto was good in fee"—*not,* as in the act of 1870, at the time of his *purchase.*

And the mode of proceeding prescribed in this act, by which the claim for the value of the improvements is to be set up, is by answer, not by complaint, as in the act of 1870. It seems to me, that the provisions of these two acts are so utterly at variance as to render them inconsistent with each other, at least so far as they relate to the conditions upon which a claim for betterments can be maintained, and the manner in which such claim must be set up or asserted; and if so, then by the express provisions of section 3 of the act of 1885, above copied, the latter act operates as a repeal of the former to the extent indicated. But as the other provisions of the act of 1870, as amended by the act of 1885, found at page 432 of vol. 19 of the Stat. at Large, relating to the mode of enforcing payment of the amount ascertained to be the value of the improvements, are not necessarily inconsistent with the provisions of the act of 1885, as above set out—certainly not with the provisions of section 1 of that act—they are not repealed.

It seems to me, that the act of 1885, which has been set out in full in a previous part of this opinion, was designed to effect a radical change in the law, so far, at least, as it related to the condition upon which a defendant, from whom lands had been recovered in an action of ejectment, could maintain a claim for improvements made upon the land, and the manner in which such claim should be set up. Under the former law, this remedy was confined to a *purchaser* of land, who believed, *at the time of his purchase*, that he had a good title, and he was allowed to claim for improvements made by those under whom he claimed, as well as for those made by himself, and his remedy was by complaint, to be filed in a very limited time, which had been construed rigidly in the case of *Garrison* v. *Dougherty*, 18 S. C., 486, and in *Godfrey* v. *Fielding*, 21 S. C., 313. But by the act of 1885, the remedy was extended to any person who had *bona fide* acquired possession of land whether by purchase or otherwise, but his right of recovery was limited to the value of improvements *made by himself*, provided he believed, *at the time he made the improvements*, that his title was good, and he was allowed to set up his claim by his answer, and not required to

file his complaint within the very limited period fixed by the former act.

It is true, that when the question arises, how the provisions of the second section of the act of 1885, found on page 343 of the 19th volume of Statutes at Large, are to be reconciled with the provisions of the second section of the act of 1885, found on page 432 of the same volume, both acts having been passed on the same day, some difficulty may be presented; but as these sections relate only to the mode of enforcing payment of the amount ascertained to be the value of the improvements, that question does not now arise, and need not, therefore, be considered. The only question with which we are at present concerned is whether the plaintiffs in the several cases have shown by their pleadings that they are entitled to the remedies sought, and as, I think, their claims should have been set out in their answers in the original action, and not by complaint, there was no error in rendering judgment dismissing their several complaints. Of course, under the view which I have taken, no amendment of the complaint could meet the difficulty, and hence there was no error in refusing leave to amend.

If, however, I should be mistaken in the foregoing views, and the plaintiffs could present their claims by complaint, still I think there was no error in refusing leave to amend, under the case of *Lilly* v. *Railroad Company*, 32 S. C., 142; for even assuming that these appellants could assert their claims by a complaint, yet such complaint must be filed within forty-eight hours after the judgment in ejectment is rendered or during the term at which such judgment is obtained, and a failure to file such complaint within the prescribed time is fatal. *Garrison* v. *Dougherty, supra*, and *Godfrey* v. *Fielding, supra*. Assuming, then, that these complaints as they were originally framed, were filed in time, though that does not very distinctly appear in the ''Case,'' if they did not *then* contain sufficient allegations to sustain the claims for betterments, the action (so to speak) could not be maintained, and to allow the appellants to insert other allegations, after the time limited for the complaint to be filed, would be to give them a cause of action to which they did not then show themselves entitled, and that, too, after the time

had expired within which the statute expressly required such claim to be asserted, and would be destructive of that promptness which was held in the two cases last cited to be a distinctive feature of the special statutory remedy.

While the complaints in these cases did contain allegations which would have been sufficient to sustain the claims, under the provisions of the act of 1885, if these allegations had been made by answer to the original action, as is required by that act, yet, as they were not made in that way, but by the complaints which did not contain allegations necessary to support the claims under the act of 1870, as is shown in the opinion of Mr. Justice Gary, and as no amendment was applied for until after the time limited for asserting the claims by complaint had expired, I do not see how these appeals could, in any view of the case, be sustained.

The case of *McKnight* v. *Cooper*, 27 S. C., 92, which is relied upon to sustain the motion for leave to amend, is not, in my judgment, in point. There the claim for betterments was asserted by *answer*, and the motion was for leave to amend the answer, while here the motion is to amend the *complaints after the time limited for filing the same by the express terms of the statute had expired.* It was, therefore, like the case of *Lilly* v. *Railroad Company*, *supra*, an attempt to amend by stating a cause of action after the time limited by statute for bringing such action had expired. It seems to me, therefore, that the judgment of the Circuit Court, sustaining the demurrers and refusing leave to amend, should be affirmed.

Judgment reversed.