SALINAS & CO. v. AULTMAN & CO.

1. JUDGMENT—RES ADJUDICATA.—A judgment setting aside a deed for fraud is not conclusive against an intervener's right to maintain a subsequent action for improvements made by the defendant, his grantor, where the Court refused to consider his claim therefor, on the ground that he could not recover in such action, but must proceed by direct action.

2. BETTERMENTS—REV. STAT., 1952–57–58—CASES FOLLOWED.—The purchaser at a foreclosure sale may maintain an action for betterments, after final judgment against him for possession of the premises, for such improvements as the mortgagor erected on the premises, if he believed at the time of his purchase that he obtained a good title. Rev. Stat., secs. 1952–1957–1958, *construed.* *McKnight* v. *Cooper*, 27 S. C., 94, and *Tumbleton* v. *Rumph*, 43 S. C., 275, *followed.*

3. NONSUIT.—The nonsuit in this case was improperly granted, because there was some testimony on the issues, and in such case it is error in the Circuit Judge to grant nonsuit.

Before BUCHANAN, J., Abbeville, January, 1895. Reversed.

Action by A. J. Salinas & Sons against C. Aultman & Co., to recover the value of certain improvements placed on a lot by their mortgagor after the execution of the mortgage, they being purchasers at foreclosure sale. An action had been brought by C. Aultman & Co. to set aside the conveyances by which the mortgagor held, in which they were successful. Salinas & Co. then commenced this action for betterments. The defendants interposed plea of *res adjudicata*, and demurred. The Circuit Judge overruled both, but at close of plaintiffs' testimony, granted a nonsuit. Plaintiffs appeal from the order of nonsuit. Defendants appeal from the two interlocutory orders.

*Messrs. Frank B. Gary* and *Samuel C. Cason*, for plaintiffs, appellants.

*Messrs. Graydon & Graydon*, contra.

Oct. 1, 1895. The opinion of the Court was delivered by

JUDGE R. C. WATTS, acting Associate Justice. This is an action for betterments, which was heard on the circuit by Judge Buchanan and a jury, at the January term, 1895, of the Court of Common Pleas for Abbeville County. For a proper understanding it is necessary to review the facts upon which the claim is founded. One F. M. Pope, being indebted to C. Aultman & Co. and others in a large amount, mortgaged a house and lot in the town of Ninety-Six to one G. W. Connor, on the 1st day of February, 1884. On the 7th day of December, 1886, the said Pope conveyed the premises to the said Connor; on the 26th day of October, 1887, Connor conveyed to Mrs. Elizabeth M. Pope, wife of said F. M. Pope, and on the same day Mrs. Pope conveyed the premises to Mrs. Mattie L. Utsey, who went into possession and made improvements thereon. On the 24th day of January, 1888, Mrs. Utsey mortgaged the premises to A. J. Salinas & Sons, which mortgage was sued to judgment for foreclosure at the October term, 1891, of the Court of Common Pleas for Abbeville County. On the 6th day of January, 1892, the master sold the premises under said judgment for foreclosure, and A. J. Salinas & Sons became the purchasers, and received the master's deed of conveyance. Pending the litigation, Mrs. Utsey died in March, 1891, and her heirs at law were made parties to the action. In the meantime, C. Aultman & Co. had sued to judgment their claims against the said F. M. Pope; execution was issued and levied on the said house and lot, as the property of the said F. M. Pope. The premises were sold in September, 1889, C. Aultman & Co. becoming the purchasers, and receiving sheriff's title. After this, C. Aultman & Co., alleging fraud both actual and constructive, brought an action to set aside the deeds executed by Pope to Connor, by Connor to Mrs. Pope, and by Mrs. Pope to Mrs. Utsey. During litigation, A. J. Salinas & Sons having the master's deed and being in possession of said house and lot, intervened by petition, and were made parties defendant to the action. In their answer as defendants to suit they set up

title and a claim for betterments. In other words, they claimed the benefit of the improvements placed upon the premises by Mrs. Utsey during her ownership, in the event their title failed them. This litigation ended in favor of C. Aultman & Co., and the claim of A. J. Salinas & Sons for betterments was not sustained in that action—*Aultman v. Utsey*, 41 S. C., 304. Within forty-eight hours after the case of *Aultman* v. *Utsey*, *supra*, had terminated on the circuit this action was begun. On the call of the case the defendant filed a plea to the jurisdiction of the Court, on the ground that the question of betterments was *res judicata*. The Court overruled the plea, and the defendant filed the following exceptions: "1st. Because it was error to overrule defendant's plea to the jurisdiction of the Court, because it appears from the decree of his Honor, Judge Izlar, who heard the case on circuit, and from the opinion and judgment of the Supreme Court, that the question of betterments had already been determined against the said A. J. Salinas & Sons. 2d. Because the question was *res judicata*, and his Honor erred in not so holding."

The exceptions are same in substance, and may be considered together. The case of *Aultman* v. *Utsey*, 41 S. C., 403, was heard by Judge Izlar on the circuit; in his decree he uses the following languarge: "The claim set up in the answer of A. J. Salinas & Sons is not for the improvements and betterments made by them, but for those made by Mattie S. Utsey. Such claim, as I understand the statute, cannot be made in the answer of defendants. If the improvements and betterments made upon lands by those under whom the defendants claim can be recovered at all, it must be by direct action, after final judgment in favor of the plaintiffs in an action to recover the lands and tenements, as provided for in sections 1835, 1839, of the General Statutes." The Circuit Judge not only refused to pass upon the question of betterments, but he refused to consider the question because it had been improperly presented to the Court; and he indicated in what manner

the question must be raised, "by direct action after final judgment in favor of the plaintiff in an action to recover the lands and tenements, as provided in sections 1835, 1839, of the General Statutes." On appeal, the Circuit Judge was sustained. Justice McGowan, as the organ of the Court, said: "Exception seven imputes error to the Circuit Judge, in holding that A. J. Salinas & Sons were not entitled to betterments. The defendants do not claim that they placed any improvements on the house, but are claiming compensation for improvements put upon the land by Mrs. Utsey, who mortgaged it to them before they had any pretense of title to the lot. Under the circumstances, we do not think the Judge committed error in refusing the claim." The exceptions are overruled.

Before the cause went to trial, the defendants, C. Aultman & Co., filed a demurrer to the complaint, "on the ground that the complaint does not state facts sufficient to constitute a cause of action." After argument, the Circuit Judge overruled the demurrer, and the defendants filed the following exceptions: "1st. Because it was error in the presiding Judge to hold that the complaint states facts sufficient to constitute a cause of action, when it fails to state that the plaintiffs put any improvements or betterments on the land recovered from them. 2d. Because it appears on the face of the complaint that the plaintiff did not purchase the land from any one having title to said property, but, on the contrary, purchased the same on a master's sale under a mortgage given to other parties, and it was error not to hold that the complaint did not state facts sufficient to constitute a cause of action. 3d. Because the betterment law makes no provision for any one to recover betterments except a defendant who may have made improvements in good faith himself, and it was error in the presiding Judge to hold that the plaintiff herein could under any circumstances recover betterments."

As the first and third exceptions raise but one issue, they will be considered together. Does the law of betterments

make provision for any person other than the defendant who makes the improvements? Sec. 1952 of the Revised Statutes (1835 of the General Statutes) is as follows: "After final judgment in favor of the plaintiff in an action to recover lands and tenements, if the defendant, or *those under whom he claimed*, purchased the lands and tenements recovered in such action, or took a lease thereof, supposing at the time of such purchase such title to be good in fee, or such lease to convey and secure the title and interest therein expressed, the defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant, or *those under whom he claims*, in the manner hereinafter provided." The present action is brought under this section, after a strict compliance with the requirements of the law. From the language of the section it is clear that not only a defendant who made improvements, supposing that he had a good title in fee at the time of the purchase, but a party claiming under such defendant, is entitled to the protection of the betterment law. But it is argued that the act of 1885, vol. 19, 343 (secs. 1857, 1858, Revised Statutes), is antagonistic to this view. Argument is unnecessary when authority can be cited. In *McKnight* v. *Cooper*, 27 S. C., 94, the Court said: "The first act (secs. 1835–1841, Gen. Stat.,) provides for the recovery by the improving tenant of the value of such improvements as he, or those under whom he claims, may have erected; upon the consideration, however, that he believed, *at the time of his purchase* of the premises, that he had obtained a good title; the second (act 1885, secs. 1957, 1958, Rev. Stats.,) provides for such recovery, where he has erected the improvements himself, believing *at the time of such erection* that his title was good." The two acts are not antagonistic; the last being supplemental to the first, and providing a remedy for a different state of facts. Such is the view taken by this Court in *Tumbleton* v. *Rumph*, 43 S. C., 275. The Court said: "Sec. 1957 was intended to afford relief in such cases as were not

covered in sec. 1957 (1885, Gen. Stat.), by providing that the defendant who may have made improvements or betterments on the lands sought to be recovered from him, believing at the time he made such improvements or betterments that his title was good in fee, should be allowed to set up in his answer a claim against the plaintiff for so much money as the land was increased in value in consequence of the improvements so made, even where neither the defendant nor those under whom he claims supposed, at the time of purchase, such title to be good in fee, the defendant may have believed in a certain case that at the time he made the improvements or betterments his title was good in fee. In that case he would bring his action under sec. 1952. Sec. 1957 was intended to supplement not to supercede the provisions of sec. 1952." Exceptions 1 and 3 are overruled.

An examination shows that exception 2 is based upon a misconception of the complaint, and is overruled, there being no allegation in the complaint in support of the exception.

When the plaintiff had concluded his testimony, the defendant moved for an order of nonsuit, which the Circuit Judge granted, "it appearing to the Court that there is a total failure of testimony to sustain the case." The defendant gave notice that he would move to sustain the order of nonsuit on the following additional grounds: "1st. Because the plaintiffs failed to prove that they had any title whatever to the property upon which they claim betterments. 2d. Because the plaintiffs failed to prove that at the time they bid in the land at the master's sale, they supposed they were getting a title in fee to said land. 3d. Because the plaintiffs failed to prove that Mrs. Utsey, from whom they claim the land, supposed at the time she erected the improvements that she had a good title to said land. 4th. Because the plaintiffs failed to prove that Mrs. Utsey ever had any title to said land. 5th. Because there was an entire failure of testimony to show the value of said lands without the improvements put on them, and the order must be sustained on that ground. 6th. Because the plaintiffs failed

to offer any testimony to show that they ever made any improvements on said land."

From the order of nonsuit, the plaintiffs appeal to this Court on the grounds: "First. Because his Honor erred in granting the nonsuit, on the ground that there was a total failure of evidence to sustain the plaintiffs' complaint, when it appears there was some evidence to sustain each material allegation of the complaint." This action is brought under section 1952 (1835) of the Revised Statutes, and the plaintiffs are not trying to recover for improvements placed on the land by themselves, but for improvements placed thereon by Mrs. Utsey, under whom they claim. Did Mrs. Utsey buy the land and take title, "supposing at the time of *such purchase* such title to be good in fee," and is there any allegation in the complaint to that effect, and if so, is there any evidence in support of it? Did Mrs. Utsey, after she purchased the land, place improvements thereon, and does the complaint so allege, setting forth their value, and is there any testimony in support? If these questions call for an affirmative answer, the case must go back to the Circuit Court, and it will be unnecessary to examine *seriatim* the additional grounds of defendant in support of the order of nonsuit. The eighth paragraph of the complaint is as follows: "That at the time Mattie S. Utsey bought the property above described, she supposed that she was buying a good title in fee, and paid the sum of $3,250 in good faith." The tenth paragraph of the complaint is as follows: "That Mattie S. Utsey made improvements on said property thereafter, consisting of a dwelling house, barn, &c., of the value of $2,000, in consequence of which improvements the said property was increased in value $2,000 more than it would have been had no such improvement been made." These allegations are explicit and sufficient. Looking to the evidence, we find the following in the testimony of Lewis Moore: "Did you have any connection with the buying of this Pope property for Mrs. Utsey? Yes, sir. In what capacity were you acting?

As agent of Mrs. Utsey at that time; when she bought the property I was acting as agent for the purchase of it. * * * Did you look up the titles and see that they were good? No, sir. Why didn't you? Well, I thought Connor's titles were as good as any in the State; I was trusting Connor. Was the trade completed, so far as the price was concerned and all, between you and Mr. Connor? Yes, sir, it was a complete trade in every respect. * * * When you made this purchase for Mrs. Utsey, did you believe you were buying good property, that the titles were to be good? Yes, sir, I did. At the time you bought this property, did you think you were buying with good title? I did." In making this purchase, Moore was the agent of Mrs. Utsey, and his supposition or belief must be imputed to her upon the familiar maxim, *Qui facit per aliam facit per se.* Referring again to Moore's testimony, we find the following: "Do you know anything about these improvements that were put on there in January? Yes, sir, they were put on there in January after the purchase in the fall. Did you have anything to do with it? Yes, sir, I superintended the building of the house for Mrs. Utsey. What else was built besides the house? I am not positive about anything except the house and fencing. Any barn? Well, I am not certain about that. Do you know what the improvements cost? The house and fence was about $1,600. In 1893, the last of May, say how much more valuable would this place have been by reason of these improvements than without them? I should say, from $800 to $1,000." J. B. Syles testified that the improvements added $800 to $1,000 to the value of the place. All of this is testimony in support of the material allegations of the complaint, and that it is competent, pertinent, and relevant, cannot be questioned. There may be conflict of testimony, and the same witness may not be wholly consistent with himself throughout his testimony. Still the truth and weight of the testimony is for the jury, and the judge cannot pass upon it. In *Davis* v. *Railroad Co.*, 21 S. C., 101, this Court held: "Where there is any competent,

pertinent, and relevant testimony offered to the facts in dispute, the case passes into the hands of the jury, and beyond the judge; but where no such testimony is offered, it is the province and duty of the judge to nonsuit. * * * In the absence of all testimony in support of the material allegations of the complaint, which is a question for the judge, a nonsuit is proper; but when there is any testimony directed to said allegations, the weight, truth, and sufficiency of which are to be determined, the case must go to the jury." Again, in *Willis* v. *Hammond*, 41 S. C., 158, Justice Pope, as the organ of the Court, said: "It is settled law in this State, that the Circuit Judge ought not to grant a motion for nonsuit, if there is any competent testimony before the jury in support of the plaintiff's tender of issues; but, on the other side, it is equally true, if no such testimony is offered, such motion should be granted. The solution of this question, therefore, involves a consideration of the pleadings, and the fact whether any testimony was offered by plaintiff to support the issues there tendered; of course, it is no part of the duty of the Circuit Judge, or of this Court, in passing upon the fact of such testimony offered, to decide the weight or sufficiency of such testimony, for that is the exclusive province of the jury."

The judgment of this Court is, that the order of nonsuit appealed from be reversed, and that the case be remanded to the Circuit Court for trial.