AULTMAN v. UTSEY.

1. GENERAL EXCEPTIONS, alleging no specific errors, not considered.
2. STATEMENT OF FINDINGS—APPEAL.—If the Circuit Judge fails to state his findings of fact and conclusions of law separately, the judgment will not be reversed for this reason, unless it appears that the appellants have suffered prejudice thereby as to the merits.
3. LAW CASE—FINDINGS OF FACT—APPEAL.—In action for the recovery of the

possession of real property, and for damages for its detention, heard by the Circuit Judge without a jury by consent, his findings of fact are final.

4. PURCHASE FOR VALUE—LEGAL TITLE—MORTGAGE.—The plea of purchaser for valuable consideration without notice is only an equitable defence; and cannot prevail against the legal title. This rule applied to a mortgagee, who claimed to be without notice of a fraud in his mortgagor's chain of title, when sued by the purchaser at a sheriff's sale, made subsequent to the mortgage, under a prior judgment against one under whom the mortgagor derived her title.

5. BETTERMENTS—SUBSEQUENT OWNER.—Defendant, when sued for the recovery of land, cannot, in his answer, claim compensation for the increased value of the land by reason of improvements to the land, made in good faith by a former owner from whom defendant derived his title.

6. APPEAL—ISSUE NOT DECIDED.—An issue not decided on Circuit cannot be considered on appeal; but the issue having been properly raised, the failure to pass upon it was error, and the case sent back for a decision on this point.

Before IZLAR, J., Abbeville, January, 1893.

Action by C. Aultman & Co. against W. B. Utsey and others, the heirs at law of Mattie L. Utsey. A. J. Salinas & Sons were made parties defendant, they being in possession under a judicial sale made in January, 1892, in foreclosure of a mortgage given by Mattie L. Utsey to A. J. Salinas & Son in January, 1888. The plaintiffs claimed under sheriff's deed of September, 1889, the property having been sold under judgment against F. M. Pope, entered in February, 1887.

*Mr. Eugene B. Gary*, for appellant.

*Messrs. Graydon & Graydon*, contra.

April 21, 1894.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   Most of the matters out of which this case arises were once before in this court, and in the report of that case it appears that the plaintiffs, being creditors of Francis Marion Pope, sued him to judgment, and under the execution in the case, had a house and lot of the judgment debtor in the town of Ninety-Six levied and sold, and at the sheriff's sale, on September 2, 1889, bid off the lot and took

sheriff's title for the same. There were proceedings to set aside certain conveyances of the said house and lot, as fraudulent and void as to the creditors of the said Pope, viz: deeds from Pope, the debtor, to one Connor; and from said Connor to Mrs. Pope, wife of the debtor, and from her to Mrs. Mattie Utsey, who paid the consideration agreed upon, and received Mrs. Pope's deed for the house and lot. All these said deeds were set aside as fraudulent as to the creditors of Pope. And the court further directed that the issues of title and of the right of possession of said premises be submitted to a jury, &c. See *Aultman* v. *Utsey*, 34 S. C., 559. It seems that Mrs. Mattie L. Utsey died on March 9, 1890, intestate, and her husband, W. B. Utsey, and the other heirs at law of Mrs. Utsey, were substituted as parties defendant, after the death of Mrs. Utsey; but as W. B. Utsey was the only one who answered, and as he does not appeal, they may go out of the case.

On January 6, 1892, A. J. Salinas & Sons intervened in the action by petitions, and asked to be made parties to the action. Judge Hudson ordered them made parties defendant, and gave them leave to answer the complaint. An answer was filed by them within the time allowed, and the plaintiffs gave notice of a motion to strike out the answer, on the ground stated in that notice. This motion was heard by Judge Aldrich, but refused. Upon the call of the case at the January term, 1893, at Abbeville, the parties consented and agreed in writing that a jury trial be waived, and that all the issues in the cause be heard and determined by the court. The answer of the defendants set up several defences—first, a general denial; second, purchasers for valuable consideration without notice, as they held a mortgage of the said house and lot from Mattie L. Utsey, and under judgment of foreclosure against her, purchased the same at the master's sale, and received titles from him on January 6, 1892; third, a claim of homestead; and fourth, a claim for betterments.

His honor, Judge Izlar, heard the whole case as one distinctly legal in character; and after a full, clear, and exhaustive consideration of the whole subject for the second time (he pronounced the first decision as well as the last), he rendered a

REP.]                    November Term, 1893.

special verdict as follows: "In the view I take of the case, I am satisfied that the plaintiffs have shown the better title to the land in dispute, and are entitled to the possession thereof, with damages for withholding of the same from them. What should be the damage? The testimony shows that $250 per annum would be a fair rent for said premises. The defendants, A. J. Salinas & Sons, have been in the possession and use of said premises, by their tenants, since the master's sale in January, 1892, over one year and four months. I, therefore, fix the plaintiffs' damages at $350. Another question of importance is raised by the defendants, A. J. Salinas & Sons. It is contended that in case the plaintiffs recover, that they are entitled to *betterments* for the improvements made upon said premises by Mattie L. Utsey, who made the same believing her title to be good in fee. Under the betterment law, where an action is brought for the recovery of lands and tenements, 'the defendant who may have made *improvements*, or betterments on the land, believing, at the time he makes such improvements or betterments, that his title thereto was good in fee, shall be allowed to set up in his answer a claim against the plaintiff in consequence of the improvements so made.' The claim set up in the answer of A. J. Salinas & Sons is not for improvements and betterments made by them, but for those made by Mattie L. Utsey. Such claim, as I understand the statute, can not be made in the answer of the defendants. If the improvements and betterments made upon lands 'by those under whom the defendant claims' can be recovered at all, it must be by direct action, after final judgment in favor of the plaintiff in an action to recover the lands and tenements, as provided in sections 1835, 1839 of the General Statutes. It is, therefore, ordered and adjudged, that the plaintiffs are entitled to recover of the defendants the possession of the lands in dispute; and of the defendants, A. J. Salinas & Sons, the sum of ($350) three hundred and fifty dollars, for the withholding of said possession from them."

From this decision the defendants, A. J. Salinas & Sons, appeal to this court upon numerous exceptions, sixteen in number, as follows, viz: I. Because his honor erred in finding that the

facts and circumstances were enough to put A. J. Salinas & Sons on inquiry as to the alleged fraud between F. M. Pope and G. W. Connor, when the mortgage was executed in their favor by Mrs. Mattie L. Utsey of the property in dispute. II. Because his honor erred in finding that such inquiry was not followed up nor prosecuted with due diligence. III. Because his honor erred in finding that such inquiry, properly pursued, would have led to knowledge of said alleged fraud, or to the knowledge of such facts, from which said alleged fraud might have been inferred. IV. Because his honor erred in finding that A. J. Salinas & Sons were not lien creditors of Mrs. Mattie L. Utsey for valuable consideration without notice of the alleged fraud between Pope and Connor. V. Because his honor erred in finding that the defendants, A. J. Salinas & Sons, were not purchasers for valuable consideration, without notice of said alleged fraud, when they bought the property in dispute under the judgment of foreclosure; the mortgagees, A. J. Salinas & Sons, being lien creditors of Mrs. Utsey for valuable consideration without notice of said alleged fraud. VI. Because his honor erred in not sustaining the defence of purchasers for valuable consideration without notice of fraud set up by A. J. Salinas & Sons in their answer. VII. Because his honor erred in not finding and adjudging that the defendants, A. J. Salinas & Sons, are entitled to the claim for betterments set up in their answer, and in deciding that the question of betterments could not be set up in these proceedings. VIII. Because his honor erred in failing to decide the question of *homestead* raised by the pleadings. IX. Because his honor erred in rendering final judgment until the question of homestead raised by the pleadings was determined; the plaintiffs' judgment not having a lien on so much of said land as belonged to F. M. Pope as a homestead, and, therefore, not conveyed to the plaintiffs by the sheriff's deed. X. Because his honor erred in not finding that F. M. Pope was entitled to a homestead in the property in dispute at the time he made the conveyance thereof to G. W. Connor, and that said homestead passed to A. J. Salinas & Sons when they bought the property under the judgment of foreclosure of the mortgage executed in favor of A. J. Salinas & Sons

by Mrs. Mattie L. Utsey, to whom G. W. Connor's grantee had then conveyed the same; it appearing from the testimony that the execution under which the property was sold when purchased by the plaintiffs, was issued upon a judgment recovered February 25, 1887, on a cause of action which arose on January 30, 1884. That at the time of, and for several years prior to, the alleged recovery of the judgment under which the property was sold, F. M. Pope was the head of a family residing in this State; that the property described in the complaint was his homestead prior to and at the time he made the conveyance thereof to G. W. Connor on December 7, 1886, at which time he was in possession thereof, and had been for several years prior thereto; and that these defendants, A. J. Salinas & Sons, had succeeded to all the rights of F. M. Pope, as shown by the deeds of conveyance offered in evidence. XI. Because his honor erred in adjudging that the plaintiffs recover of the defendants the possession of the land in dispute. XII. Because the plaintiffs are not entitled to any damages, &c. XIII. Because his honor likewise erred in rendering a *final* judgment as to damages, until the question of homestead raised by the pleadings was determined. XIV. Because his honor erred in finding that the said A. J. Salinas & Sons were purchasers *pendente lite.* XV. Because his honor erred in failing to state his findings of fact and conclusions of law separately. XVI. Because the judgment is in all respects contrary to the law and the evidence.

We will not attempt to consider the exceptions *seriatim,* but group them together according to the subject matter.

1  Exceptions 11 and 16 are too general to be considered, 12 and 13 relate only to damages, and No. 15 complains that the judge committed error in not stating his findings of fact and conclusions of law separately. We think a careful

2  examination of the judgment will show that there is some misapprehension in the matter. But if the fact were as charged, it has long been settled in this court that such omission is not considered good ground for reversal, unless it appears that the appellants have suffered prejudice thereby, as to the merits of their case, which does not appear here. See *Jop-*

*lin* v. *Carrier*, 11 S. C., 329; *Maxwell* v. *Thompson*, 15 *Id.*, 612; *Kaphan* v. *Ryan*, 16 *Id.*, 358; *Chapman* v. *Lipscomb*, 18 *Id.*, 231; *Thomson* v. *Dillinger*, 35 *Id.*, 608, and numerous other cases, which the industry of the plaintiffs' counsel has enabled them to cite in their argument.

As stated by the appellants' counsel, the three main questions raised by the exceptions are: (1) That the appellants, A. J. Salinas & Sons, are purchasers for valuable consideration without notice of the alleged fraud as to the house and lot in Ninety-Six. (2) That the defendants, A. J. Salinas & Sons, are entitled to F. M. Pope's homestead in the property in dispute. (3) That appellants are entitled to *betterments* in this action. The exceptions which relate to the defence of purchaser for valuable consideration without notice are Nos. 1, 2, 3, 4, 5, 6, and 14. Upon turning to these exceptions, it will be observed that they all impute error to the judge in his findings of fact, as bearing upon the question whether the defendants were purchasers for value without notice. Now, we agree with the judge that, although jury trial was waived, and written consent given that he should hear and decide the case, it still remained as it was at the beginning, a legal action, pure and simple, and that his findings of fact were to be taken as established, and his decision to stand as a substitute for the special verdict of a jury. See *Maxwell* v. *Thompson*, 15 S. C., 612; *Kaphan* v. *Ryan*, 16 *Id.*, 352; *Chapman* v. *Lipscomb*, 18 *Id.*, 231, and other cases cited by plaintiffs' attorneys. So that, the case being one at law, this court has not the right to review and reverse the findings of fact in the court below.

But if it were otherwise, it seems to us that the result would be the same. We have looked carefully through the testimony, and it will be found that in many particulars it is substantially the same as that which passed under the observation of the court at the first trial of this case, when Mrs. Utsey, then living, was the principal defendant. Besides, as it seems to us, all the above exceptions proceed on the view that, if the facts had been found as desired, the defendants would have been entitled to the decision and the recovery of the land by virtue of the plea of purchaser for full value without notice.

It must not, however, be overlooked that the plea of purchaser for value is only an equitable defence, and cannot prevail against the legal title.

Exception 7 imputes error to the Circuit Judge in holding that A. J. Salinas & Sons were not entitled to betterments. The defendants do not claim that they placed any improvements on the house, but are claiming compensation for improvements put upon the land by Mrs. Utsey, who mortgaged it to them before they had any pretence of title to the lot. Under these circumstances, we do not think the judge committed error in refusing the claim. See act of 1885 (19 Stat., 343,) and the case of *Gadsden* v. *DesPortes*, 39 S. C., 132, in which it was expressly decided "that a defendant in an action to recover land, who may have made improvements or betterments on such land in good faith, shall be allowed as much as the land has been increased in value by the improvements so made, only such changes bettering the land, as were made by defendant after his purchase of the land, should be considered, and not those made previously by others," &c. 17 S. E. Rep., 706.

Exceptions 8, 9, and 10 raise the question of homestead, and it is argued that the defendants, A. J. Salinas & Sons, as purchasers under the foreclosure decree of their own mortgage, are entitled to the homestead which Pope, the debtor, had in the house and lot in Ninety-Six, which he, without claim of homestead, conveyed to Connor, and Connor to Mrs. Pope, and Mrs. Pope to Mrs. Utsey, and the last named, before she died, mortgaged the lot to the defendants. It does not appear that this question was considered by the Circuit Judge, or decided by him; certainly it is not mentioned in the decision, and, therefore, it cannot be considered as properly before this court. *Chamblee* v. *Tribble*, 23 S. C., 75. This being the case, it seems to us that exception 8 must be sustained, for it does appear from the record that the question of homestead was made by the pleadings, and it was error for the Circuit Judge to omit to consider and decide that question. The case must, therefore, go back to the Circuit Court for the purpose of hearing and determining the question of homestead, and

how far the amount of damages, to which the plaintiffs are entitled, may be affected thereby.

It is the judgment of this court, that, in so far as all the other questions in the case are concerned, the conclusions reached by the Circuit Court are affirmed; but in so far as the question of homestead is concerned, the judgment below must be reversed, and the cause remanded to the Circuit Court for the purpose of having that question considered and decided as above indicated.