8659

BETHEA v. ALLEN.

1. FOREIGN LAWS.—There being nothing in this case making the law of other jurisdictions germane to the issues and no proof of such laws, it was proper to refuse a request as to the effect of statutes of other jurisdictions relating to conflicting conveyances.

2. REAL PROPERTY—COMMON SOURCE.—When both parties claim land from a common source, the defendant cannot take advantage of any defect in title in the common source.

3. ADVERSE POSSESSION.—The instruction as to adverse possession under the proof and admitted facts was wholly in favor of appellant.

31—95

4. LIMITATION OF ACTIONS.—Under a devise to A and B and in case A and B die, leaving no children, then over, the statute of limitations does not begin to run against remaindermen until the death of A and B.

5. MORTGAGES.—Where one having a life estate in land gives a mortgage thereon which is marked paid in full by mortgagor and turned over to him for his benefit, those claiming title through the mortgagor cannot insist that the life tenant was in possession as mortgagee.

Before C. J. RAMAGE, special Judge, Dillon. Reversed.

Action by B. P. Bethea *et al.* against J. Furman Allen *et al.* Plaintiff appeals.

*Mr. P. B. Sellers,* for appellant, cites: *As to delivery of deed:* 2 Hill Ch. 600, 629; 4 McC. 198; Bail. Eq. 141; 2 Speer 75; 9 Rich. Eq. 303; 10 Rich. Eq. 212. *Effect of registration and probate:* Rice Eq. 243. *Adverse possession:* McM. Eq. 157. *Estoppel by recitals in deed:* 1 McC. 85. *One holding under deed cannot deny its validity:* 16 Cyc. 706; 75 Tex. 506. *Duty of mortgagee in possession:* 27 Cyc. 1237; 24 Minn. 221.

*Mr. W. F. Stevenson,* contra, cites: *Recording mortgages:* 87 S. C. 120. *Delivery of deed must be proved:* 44 S. C. 372; 26 S. C. 165. *Mortgagee in possession acquires title:* 12 S. C. 24; 26 S. C. 404; 37 S. C. 317; *Scates* v. *Henderson,* 44 S. C.; 26 S. C. 165; 34 S. C. 371.

September 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. Parker Bethea and his wife died leaving a large tract of land. In the division among their children lot No. 4 was set aside to Elizabeth Henderson, a daughter. Elizabeth had no children and lived with her two sisters, Laura Jane Bethea and Maria L. Bethea, in the

family home on lot No. 4. On the 6th day of January, 1871, Elizabeth signed the following paper:

"State of South Carolina, County of Marion.

Know all men by these presents that I, Elizabeth E. Henderson, for and in consideration of the natural live (*sic*) and affection I bear to my two sisters, Laura Jane Bethea and Maria L. Bethea, I give at my decease all the real and personal property that came to me from the estate of the late Parker Bethea and Elizabeth Bethea, his wife, and in case the said Laura Jane Bethea and Maria L. Bethea die leaving no children; then after paying for a set of tombstones to be put to my grave and all other debts and funeral expenses, I give the above described property to Benjamin P. Bethea, and to his children at his decease, to have and to hold, and I bind each and every one of my heirs and administrators and assigns to warrant and forever defend the same with the above described parties. Given under my hand and seal this the 6th day of January, 1871.

Witness:          ELIZABETH E. HENDERSON. (Seal.)
          Elmore Allen,
          G. W. Miles."         .

On 26th June, 1872, the paper was probated and on 29th June, 1872, it was recorded. On the 19th of June, 1872, Elizabeth died, leaving her sisters in possession. The grantees conveyed this land by deeds that purported to carry a fee and it was bought by the respondent. Both of these sisters are now dead and Benjamin P. Bethea and others bring this suit to recover possession of the land as remaindermen.

On the 10th of April, 1872, Elizabeth executed another paper, which was construed to have been a mortgage of "all her right, title and interest" in this land. Upon this mortgage there appears the following endorsement: "The within mortgage paid in full by Laura J. Bethea and Maria L. Bethea and turned over to them for their benefit this

June 3, 1873." Laura married Allen, Maria married Harris.

The defendant denied plaintiff's title and claimed title in himself, set up the bar of the statute (ten years) and a presumption of a grant (twenty years), and claimed to be entitled to be subrogated to the rights of the mortgagee and claimed betterments. The jury found for the defendant and from the judgment entered thereon the plaintiff appealed upon six exceptions.

I. "This (*sic*) his Honor erred in refusing plaintiff's fourth request to charge as follows: 'Under the statutes of many jurisdictions superiority of title between conflicting conveyances is made to depend upon priority of record. Between two deeds standing on the same footing as to recording, the older will have the preference, it being respectfully submitted that the foregoing request embodies a correct proposition of law, and that under the testimony same was applicable to this case."

This exception is overruled. There was nothing in this case which called for the charge as to the law in other jurisdictions and if there had been there was nothing in the case upon which the charge could be based. If the law in other States is germane to the issue, then these laws must be proved and there was no proof of them.

II. "That his Honor erred in charging the jury that the plaintiff must prove the delivery of the deed under which plaintiff claims by a preponderance of the testimony, whereas under all the admitted facts in the case he should have charged that there was a *prima facie* showing of delivery and that it was incumbent on defendant to prove the nondelivery of said deed by a preponderance of testimony.

III. "That his Honor erred in charging the jury that plaintiff must prove delivery of the deed under which he claimed by a preponderance of the testimony, in that he should have held under all the admitted facts and circum-

stances of the case that defendant was estopped from claiming that there had been no delivery of said deed for the reason that plaintiff and defendant claimed the lands in dispute from a common source, to wit: from Elizabeth Henderson."

These exceptions are sustained for the reason that Elizabeth Henderson was the common source, as will be seen under exception V, and as the defendant claimed under this deed, he could not take advantage of a defect in the execution of it.

IV. "That his Honor erred in charging the jury the law as to adverse possession when in fact there was and could be under all the admitted facts and circumstances in the case no question of adverse possession and that such a charge could only have confused the minds of the jurors to the prejudice of the plaintiff." His Honor charged as follows: "I charge you that there could be no adverse holding or possession sufficient to ripen into title by the heirs at law or grantees of Laura Allen and Maria Harris, if they died without children, even if they undertook to convey the premises in fee simple with general warranty, against Benjamin P. Bethea and his children until both Maria and Laura had been dead for ten years or more." It was undisputed that they had no children and the survivor had not been dead ten years. The charge was wholly in favor of appellant and he cannot complain. This exception is overruled.

V. "That his Honor erred in refusing plaintiff's motion for a new trial based upon the ground that the verdict of the jury was capricious and unsupported by the evidence, in that it appeared from the testimony and evidence that both parties claimed from a common source, to wit: Elizabeth Henderson, and that defendant's predecessors in title had only a life estate, with remainder over to the plaintiffs and that such life estate had terminated,

thus terminating the right of defendant to the possession of the premises in question."

This exception must be sustained. In the case of *Kilgore* v. *Kirkland*, 69 S. C. 84, we find the following: "In *Smythe* v. *Tolbert*, 22 S. C. 133, the Court says: 'There is no doubt that as a general rule the plaintiff in an action to recover possession of real estate on the ground of title must show a complete and perfect title in himself, going back to a grant, either actual or presumed.' To this rule, however, there are several exceptions, one of which is where both parties claim from a common source; and having done so, the question is, which of the two has the superior title * * * Whether, then, the general rule or the exceptions is to govern, in any special case, must depend upon the fact whether or not the parties claim through a common source. If they do not, then the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary, and must trace back to a grant; if they do, then the plaintiff may stop, in the first instance, at the title of the common grantor; and whether they thus claim or not is a question of fact (unless admitted in the pleadings) for the jury upon the evidence." In this case the plaintiff claimed directly under the Elizabeth Henderson deed. He produced successive conveyances from the grantees under that and to the defendant. Plaintiff had thereby made out a *prima facie* case. The defendant had the right to show that he did not claim under the Henderson deed or that he had an independent source of title. He made no such proof, but, on the contrary, the following appears in the case:—

"Q. Since the death of Mrs. Henderson, those under whom you claim, and you have used it and claimed the whole of that land as your own land? A. Yes, sir."

There was undisputed evidence that the successive grantors in defendant's chain of title had been in possession. There was therefore no evidence from which the jury could infer that the defendant did not claim under the Henderson deed.

Inasmuch as the defendant did claim under the Henderson deed, there could be no adverse holding until the death of Mrs. Laura Allen and Mrs. Maria Harris, and the survivor died in 1909. The limitations were therefore unavailing.

VI. "Because his Honor erred in not charging the jury as requested by plaintiff that the only effect of the mortgage on the land in dispute admittedly given by Laura Bethea and Maria Bethea to Joel Allen soon after the death of Elizabeth Henderson, and its so-called assignment to them by Joel Allen when paid, was to make the mortgagees in possession for the purpose of applying the rents and profits of the land to payment of the mortgage, and that such possession could never ripen into title as against the claim of title by the plaintiff and his children under the deed of Elizabeth Henderson in question in this case."

The mortgage was marked paid and there is no evidence that it was not paid. This exception is overruled.

The judgment appealed from is reversed and the case remanded for a new trial as to Benjamin F. Bethea, who alone appeals.