## 9132

## BETHEA v. ALLEN.

(85 S. E. 903.)

ISSUES. WAIVER. DEEDS. MORTGAGES. BETTERMENTS.

1. ISSUE—WAIVER.—Consent to amendment to pleadings raising a particular issue, is a waiver of the right to regard such issues as *res judicata*.

2. DEEDS.—An instrument in writing, under seal, delivered in the lifetime of the maker, and purporting to give in consideration of natural love and affection certain real and personal property to her two sisters therein named, with limitations over on their death leaving no children, and containing covenants of warranty is a deed, rather than a testamentary instrument.

3. MORTGAGES.—An instrument in writing, under seal, purporting to sell in consideration of a sum named, certain lands to the grantee and his heirs until the consideration named should be returned him with interest, whereupon the obligation should be void, and no effect, is a mortgage.

4. EJECTMENT—IMPROVEMENTS—RECOVERY—STATUTE.—Civ. Code 1912, sec. 3526, enacted in 1870, entitles a purchaser of lands and tenements which have been recovered from him to recover the value of improvements made by him or those under whom he claimed, if he or they supposed, at the time of purchase, that the title was good in fee, and provides that the recovery shall be had by separate action, which must be commenced within forty-eight hours after final judgment recovering the property, or during the term of Court in which the same shall be rendered. Civ. Code 1912, sec. 3531, enacted in 1885, provides that a defendant in an action for the recovery of land, who may have made improvements believing that his title was good in fee, may set up in his answer his claim for betterments. Defendant in ejectment set up in his answer a claim for improvements made by those under whom he claimed. *Held*, that he could not recover therefor, since the act of 1885, providing that such a defendant might set up in his answer his claim for betterments made by himself, merely supplements, but does not supersede, the act of 1870 (14 St. at Large, p. 313), which regulated the matter of a claim for betterments made by the defendant's grantors, which provides for recovery only in separate action.

5. BETTERMENTS.—The right to recover for betterments is statutory, and the statutory procedure must be followed.

6. ACTION — STATUTORY ACTION — EXCLUSIVENESS. — Where a new right is created by a statute, which also prescribes the remedy or method of enforcement, the statutory method is exclusive.

Before MEMMINGER, J., Dillon, March, 1914. Affirmed.

Action brought by Benjamin J. Bethea against J. Furman Allen for recovery of real estate. The instruments construed by the Court were in form as follows:

"State of South Carolina, County of Marion. Know all men by these presents, that I, Elizabeth E. Henderson, for and in consideration of the natural love and affection I bear to my two sisters, Laura Jane Bethea and Maria L. Bethea, I give at my decease all the real and personal property that came to me from the estate of the late Parker Bethea and Elizabeth Bethea, his wife, and in case the said Laura Jane Bethea and Maria L. Bethea die leaving no children; then after paying for a set of tombstones to be put to my grave and all other debts and funeral expenses, I give the above described property to Benjamin P. Bethea, and to his children at his decease to have and to hold, and I bind each and every one of my heirs and administrators and assigns to warrant and defend the same with the above described parties.

Given under my hand and seal this the 6th day of January, 1871. Elizabeth E. Henderson (Seal). Witness: Elmore Allen, G. W. Miles."

"State of South Carolina, Marion County. Know all men by these presents that I, Elizabeth E. Henderson, of the State and county aforesaid, for and in consideration of the sum of two hundred and seventy and 84-100 dollars to me in hand paid by Joel Allen, in making the shares of the estate land equal, do bargain, sell and release all my right, title and interest, together with the right of homestead, in the tract of land where I now live containing one hundred and twenty-five acres, to the said Joel Allen and his heirs until the above named two hundred and seventy and 84-100 ($284.84) dollars with interest from date shall be returned to the said Joel Allen or his heirs. There the obligation to be void and of no effect. But if not paid during my natural life the overplus of the value of the said

land to be equally divided between my two sisters, Laura J. Bethea and Maria L. Bethea.

This the tenth day of April, 1872. Elizabeth E. Henderson (L. S.). Signed, sealed and delivered in the presence of Elmore L. Allen, Maria L. Bethea. (Interlined before signed, on the sixth and seventh lines.)"

From judgment for plaintiff, defendant appealed on the following exceptions:

I. The Court erred in not sustaining the motion to direct a verdict for the defendant and in refusing to charge the defendant's requests to charge that the paper relied on as the Elizabeth Henderson deed was clearly testamentary and not properly executed and probated for a will. ·

II. The Court erred in not charging the defendant's first request to charge and in directing a verdict against him, because the delivery and execution generally of the alleged deed was denied, and it was a question for the jury as to whether it was delivered or not, and the burden was on the plaintiff to show delivery; and, if he failed, his case failed.

III. The Court erred in refusing to charge the third request of defendant and in directing a verdict against him under the proof as to the presumption of grant, this being a question to be submitted to the jury, under the pleadings and proof.

IV. The Court erred in refusing to charge the defendant's second request to charge and in directing a verdict against him, when said request set forth the law of the case under the admitted facts of the case, and should have been charged.

V. The Court erred in holding that there was no question for the jury as to title and that plaintiff's title had been conclusively established as a matter of law and by the decision of the Supreme Court on the former appeal, when it should have held that the status of the case had been changed by the amended answer and the issues were no longer those passed on by the Supreme Court, and there

was no conclusive holding by the Supreme Court as to the question then before him.

VI. The Court erred in instructing the jury that the defendant could not recover for improvements if he had reasonable ground to know that he had no title when he made them; the error being that he misstated the law, and he should have charged that if defendant believed in good faith that he was getting a good title when he bought the land, he could recover for the improvements placed thereon, regardless of what he knew when the improvements were so placed.

VII. The Court erred in holding that the instrument of writing from Elizabeth Henderson to Joel Allen was a mortgage, and had been paid; whereas he should have held that it was a trust deed and that defendant had succeeded to the title thereunder and that was a question of fact for the jury.

*Messrs. J. W. Johnson* and *Gibson & Muller,* for appellant.

*Mr. W. F. Stevenson,* for appellant, submits: *The paper to Joel Allen was a complete and absolute deed in trust for Maria L. Bethea and Laura J. Bethea, and not a mortgage:* 27 S. C. 315; 42 S. C. 200; 87 S. C. 120. *The paper of January 6, 1871, was testamentary:* 16 L. R. A. 577, 578; 3 Rich. Eq. 458; Spears Eq. 263; 5 Rich. L. 197; 2 Strob. Eq. 345. *As to betterments:* 22 S. C. 391; Civil Code 1912, secs. 3526 and 3531; 39 S. C. 137; 27 S. C. 94.

*Messrs. Sellers & Moore* and *M. C. Woods,* for respondent, submit: *The paper of January, 1871, is a deed:* 95 S. C. 479; 24 S. C. 228, 236; 1 Rich. 164; *Id.* 170; 3 Rich. Eq. 463; 5 Rich. 189; 10 Rich. Eq. 217; 2 Strob. Eq. 343; 1 Mills Const. 48; 12 S. C. 564; 54 S. C. 353; 83 S. C. 326, 329; 4 Kent. 493-495; 59 S. C. 560. *Recitals in various deeds constituting links in title works estoppel as to defendant and those under whom he claims:* 12 S. C. 350; 13 S. C.

361; 3 McCord 429; 6 S. C. 29. *If instrument is construed to be testamentary, but parties acted and claimed under it, even though having only two witnesses, they are estopped from denying paper is a will and insisting that deceased died intestate:* 93 S. C. 66; 40 Cyc. 1893. *As to betterments:* 22 S. C. 389.

July 16, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On the first trial of this case on Circuit and on the first appeal to this Court (95 S. C. 479, 79 S. E. 639) the instruments executed by Elizabeth Henderson, dated January 6, 1871, and April 10, 1872, both of which will be reported, were assumed to be and treated as a deed and mortgage, respectively, by all parties, by the Circuit Court and by this Court. There was no allegation or suggestion that either should have any other construction.

But, when a new trial was ordered by this Court, defendant obtained leave on Circuit to amend his answer, and alleges that the instrument of January, 1871, was a will, and void for the want of proper attestation, and that the instrument of April, 1872, which he had, in his first answer, set up as a mortgage, and sought foreclosure of it, was a deed of trust, under which his grantors, Laura Jane and Maria L. Bethea, were vested with the equitable title in fee to the land therein described, after payment by them of the debt which it was given to secure, and that he was entitled to be subrogated to their rights.

The Circuit Court overruled both contentions, and held the instruments to be a deed and mortgage, and directed a verdict for the plaintiff on the issue of title, but submitted to the jury the issues of rents and improvements.

As respondent consented to the order allowing defendant to amend his answer, he waived his right to insist that the

previous construction of the instruments of January, 1871, and April, 1872, as a deed and mortgage, is *res judicata.* We are, nevertheless, of the opinion that they were rightly so construed.

While the instrument of January, 1871, has some features of a will, the more controlling features show that it was intended to operate as a deed. *Watson* v. *Watson,* 24 S. C. 228, and authorities cited. The facts and circumstances were sufficient to show, *prima facie,* that this deed was delivered, and there was nothing to rebut this showing.

There is no doubt that the paper of April, 1872, was intended as a mortgage. The provision therein that, in case of failure to pay the debt during the life of the mortgagor, the overplus of the value of the land was to be divided between her sisters, in case of foreclosure, was intended out of abundance of caution, to secure to them their rights under the deed of January, 1871, in the event of the foreclosure of the mortgage. This provision was not intended to convey to the sisters any interest in the land, after payment of the mortgage debt, but only in "the overplus of the value of the said land;" and, by its terms, the instrument was "to be void and of no effect" upon payment of the debt; and the debt was paid.

Defendant set up in his answer a claim for betterments, alleging that he believed, when he bought the land, and when he made the improvements, that his title was good in fee. The Court instructed the jury that he was entitled to recover for only such improvements as were made by him, in good faith, believing, at the time he made them, that he had a good title in fee. In this, there was no error. The right to recover for betterments is statutory, and the procedure prescribed by the statute must be followed.

Our betterment acts were passed at different times, and they provide for the recovery of betterments under differ-

ent circumstances, and each prescribes the manner in which the right therein given shall be enforced.

The act of 1870 (sec. 3526, Civ. Code 1912) entitles the purchaser of lands and tenements, which have been recovered from him, to recover the value of all improvements made by him, or those under whom he claims, if he or they supposed, at the time of the purchase, the title to be good in fee. Under the terms of this statute, one from whom lands and tenements have been recovered can recover not only for all improvements made by himself, but also for such as were made by those under whom he claims, and even for such as were made after knowledge of title in another, provided he or his grantors supposed, at the time of the purchase, that the title was good in fee. *Templeton* v. *Lowry,* 22 S. C. 389. But that statute expressly prescribes that such recovery shall be had "in the manner hereinafter provided," and then it provides in detail the manner of recovery, to wit: By separate action, which must be commenced within forty-eight hours after final judgment recovering the lands and tenements, or during the term of Court in which the same shall be rendered. It has been held, therefore, that a defendant could not set up in his answer, in an action to recover lands and tenements from him, his claim for betterments, made by those under whom he claimed. *Aultman* v. *Utsey,* 41 S. C. 304, 19 S. E. 617. But the same claim, prosecuted by separate action, according to the provisions of the act of 1870, was sustained. *Salinas* v. *Aultman,* 45 S. C. 283, 22 S. E. 889.

The statute of 1885 (sec. 3531, Civ. Code 1912) provides that the defendant in an action for the recovery of land who may have made improvements thereon, believing at the time he made them that his title was good in fee, shall be allowed to set up in his answer his claim for betterments. This statute did not supersede that of 1870, but supplemented it (*Tumbleston* v. *Rumph,* 43 S. C. 275, 21 S. E. 84), and, therefore, under it, a defendant, in an action

to recover land, cannot set up in his answer a claim for improvements made by those under whom he claims (*Aultman* v. *Utsey, supra*), but, by the terms of the statute, he is allowed to set up in his answer his claim only for such improvements as he himself made, believing at the time he made them that his title was good in fee. (*McKnight* v. *Cooper,* 27 S. C. 94, 2 S. E. 842; *Gadsden* v. *DesPortes,* 39 S. C. 131, 17 S. E. 706.) If a defendant would set up a claim for improvements made by those under whom he claims, or by himself, under the supposition, at the time of the purchase, that the title was good in fee, he must do so by separate action, under the provisions of the act of 1870. (Section 3526, *et seq.,* Civ. Code 1912.)

There may be no sound reason for this apparently technical distinction between the different claims and the methods of enforcing them, and it may be conceded that it is difficult to see why a defendant should not be allowed to set up in his answer all the claims to betterments to which he may be entitled under either statute, but the law was so written by the lawmakers, and it has been so construed by this Court in the decisions above cited. The power to amend or extend a statute rests solely with the legislature. The general rule is that where a new right is created by a statute, which also prescribes the remedy, or method of enforcing the right, the method prescribed by the statute is exclusive. *Kennedy* v. *Reames,* 15 S. C. 548.

Judgment affirmed.