## HOWARD v. KIRTON *ET AL.*

### (142 S. E., 39)

1. EJECTMENT—STATUTORY METHOD FOR RECOVERING BETTERMENTS MUST BE FOLLOWED (CIV. CODE 1922, §§ 5296–5300, 5303, 5304).—Method of recovering betterments prescribed by Civ. Code 1922, §§ 5296–5300, 5303, 5304, must be followed, since such statutes recognized equitable right and gave remedy for its enforcement not before existing.

2. EJECTMENT—STATUTE PROVIDING FOR CLAIM FOR BETTERMENTS IN ACTION FOR RECOVERY OF LANDS SUPPLEMENTED STATUTE AUTHORIZING SUCH RECOVERY BY COMPLAINT FILED BY DEFENDANT AFTER FINAL JUDGMENT (ACT DEC. 26, 1885 [19 ST. AT LARGE, P. 343]; ACT 1870 [14 ST. AT LARGE, P. 313]).—Act December 26, 1885 (19 St. at Large,

p. 343), providing that defendant in action for recovery of land and tenements may set up claim for betterments in answer, did not supersede, but supplemented, Act 1870 (14 St. at Large, p. 313), providing that such defendant, after final judgment, might file complaint for amount of betterments.

3. EJECTMENT—STATUTE DERIVED FROM ACT 1885 RELATIVE TO DEFENDANT'S RECOVERY FOR BETTERMENTS IN ACTION FOR RECOVERY OF LAND HELD APPLICABLE TO PROCEDURE PROVIDED FOR IN SECTION DERIVED FROM ACT 1870 (CIV. CODE 1922, §§ 5298–5300; ACT DECEMBER 26, 1885 [19 ST. AT LARGE, P. 432]; ACT 1870⸴ [14 ST. AT LARGE, P. 313]).—Civ. Code 1922, §§ 5299, 5300, though provided for in Act December 26, 1885 (19 St. at Large, p. 432), relative to defendant's recovery for betterments in action for recovery of lands and tenements, *held* to apply to procedure provided for in Section 5298, which was derived from Act 1870 (14 St. at Large, p. 313).

4. EJECTMENT—IN ACTION FOR BETTERMENTS, PROCEEDS OF SALE OF LAND SHOULD BE APPLIED FIRST TO PLAINTIFF IN EJECTMENT FOR VALUE OF LAND, THEN TO DEFENDANT FOR VALUE OF BETTERMENTS (CIV. CODE 1922, §§ 5296, 5298–5300, 5302).—In defendant's action for betterments after plaintiff's recovery of tract of land, proceeds of sale of land should be applied first to payment to plaintiff in ejectment of amount ascertained as value of land without improvements, then to payment to defendant in ejectment for betterments, under Civ. Code 1922, § 5300, notwithstanding Sections 5296, 5298, 5299; Section 5302 being inapplicable.

5. EJECTMENT—"FULL VALUE" OF BETTERMENTS, RECOVERABLE BY DEFENDANT IN EJECTMENT, IS VALUE AT TIME OF FINAL JUDGMENT IN EJECTMENT (CIV. CODE 1922, §§ 5296, 5297).—In proceeding by defendant in ejectment for value of betterments, "full value" of improvements to which he is entitled under Civ. Code 1922, § 5296, means value at time of final judgment in ejectment, under Section 5297.

6. APPEAL AND ERROR—IN ABSENCE OF EXCEPTION, REVIEWING COURT ASSUMES PROPER INSTRUCTIONS WERE GIVEN AS TO FORM OF VERDICT.—Where there is no exception to charge of Court, reviewing Court must assume that proper instructions were given jury as to form of verdict.

7. APPEAL AND ERROR—PARTY BELIEVING WORDING OF VERDICT CONFUSING SHOULD CALL COURT'S ATTENTION TO SUCH MATTER WHEN VERDICT IS RENDERED.—Where party believes there is confusion in wording of verdict, he should call attention of Court to such matter at time verdict is rendered, since any seeming confusion in language may easily be cleared up at such time.

8. TRIAL—IN ACTION FOR BETTERMENTS, TRIAL JUDGE MUST DECIDE WHAT VERDICT MEANS, CONSIDERING ALL MATTERS OCCURRING AT TRIAL (CIV. CODE 1922, § 5297).—In proceeding by defendant in ejectment, under Civ. Code 1922, § 5297, to recover for betterments, it was duty of trial Judge to decide what verdict meant, and in reaching such conclusion it was his duty to take into consideration, not only language of verdict, but all matters that occurred in course of trial.

9. APPEAL AND ERROR—IN ACTION FOR BETTERMENTS, IT WAS NOT RE-VERSIBLE ERROR TO DETERMINE THAT VERDICT NOT RENDERED IN EXACT ACCORDANCE WITH STATUTE DETERMINED VALUE WITH AND WITHOUT IMPROVEMENTS (CIV. CODE 1922, §§ 5296, 5299).—In action by defendant in ejectment, under Civ. Code 1922, § 5296, for value of betterments, it was not reversible error to consider that verdict determined value of lands with and without improvements, as required by Section 5299, notwithstanding technical failure to render verdict in exact accordance with language of such statute.

Before J. I. COSGROVE, SPECIAL JUDGE, Williamsburg, December, 1926. Affirmed.

Complaint for betterments by D. C. Howard against J. M. Kirton and others. From a verdict determining the value of the land and improvements, and a judgment ordering sale, plaintiff appeals.

*Messrs. Hinds & Meadors,* for appellant, cite: *"Better-ments":* Secs. 5296–5304, Code; 14 Stat., 313; 19 Stat., 343, 432; 101 S. C., 350; 43 S. C., 284; 126 S. E., 622; 65 S. C., 181; 86 S. C., 94; 95 S. C., 403; 21 L. Ed., 650; 54 S. C., 415; 126 S. E., 747; 136 S. E., 757; Id., 393; 137 S. E., 211; 44 S. C., 104; 37 S. C., 395; 1 Bay., 93; 2 Bail., 234; Bailey's Eq., 208, 212; 129 S. C., 497; 25 R. C. L., 1029; 21 S. C., 479. *Effect of codification of laws; construction:* 44 L. Ed., 219; 36 Cyc., 1067, 1068, 1166; 23 Stat., 697; 42 L. R. A., 518.

*Mr. Philip H. Stoll,* for respondents, cites: *Act of 1870 and Act No. 184 of the Acts of 1885 are separate and distinct remedies:* 39 S. C., 131; 41 S. C., 304. *"Better-ments":* 27 S. C., 92; 101 S. C., 350; Secs. 5296–5304, Code.

February 24, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendants in this action, J. M. Kirton and others, instituted suit, as plaintiffs, in the Court of Common Pleas for Williamsburg County, against the plaintiff in this action, D. C. Howard and others, for the recovery of a tract of land. On appeal to this Court, the judgment was in favor of the plaintiffs in that action, the defendants here. See *Kirton v. Howard,* 137 S. C., 11; 134 S. E., 859.

On the day the judgment in the former case was entered up, the appellant, as plaintiff, filed in the office of the Clerk of Court for Williamsburg County against the defendants in this action his complaint for betterments. Upon trial of the issues before Hon. John I. Cosgrove, as Special Judge, presiding, and a jury, the verdict of the jury rendered was as follows:

Value now with improvements .............$ 3,750.00
When purchased ......................... 2,500.00
We find for plaintiff ...................... 1,250.00

Following the verdict of the jury, upon motion of the defendants in this action, the presiding Judge made his decree, the parts which are pertinent here being as follows:

"The jury by its verdict fixed the value of the premises described in the complaint, without improvements, at two thousand, five hundred ($2,500.00) dollars, and with improvements placed thereon, at three thousand, seven hundred fifty ($3,750.00) dollars, thereby finding for the said D. C. Howard the sum of one thousand, two hundred fifty ($1,250.00) dollars for improvements.

"The plaintiffs in ejectment, who are the defendants in this action, have announced in open Court, through their attorney of record, that they will not elect to pay the sum fixed by the jury for betterments, but desire that the premises be sold under the order and direction of this Court as

provided under the Betterments Act. The plaintiffs in eject-
ment, who are the defendants in this action, have also stated
in open Court that they waive the 60-day period allowed in
said Betterments Act, and have requested the Court to order
the sale of the premises under the direction of this Court on
the first Monday in January, 1927. * * *

"It is ordered, adjudged, and decreed that the tract of
land described in the complaint in this action be sold at
public auction for cash, * * * and out of the proceeds
arising from said land, after deducting the amount of his
fees and the expenses of said sale, the said Clerk of Court
shall pay to J. M. Kirton, Charlotte Heape, and J. S. Smith,
the plaintiffs in ejectment, the sum of two thousand, five
hundred ($2,500.00) dollars, the amount fixed by the jury
as the value of the premises without improvements; that
after paying to the plaintiffs in ejectment the said sum, if
there be a surplus remaining in his hands, the said Clerk of
Court shall pay to the said D. C. Howard the sum of one
thousand, two hundred fifty ($1,250.00) dollars, if the
surplus be sufficient, and in the event the surplus in his hands
is less than the sum of one thousand, two hundred fifty
($1,250.00) dollars, then the said Clerk of Court will pay
to the said D. C. Howard whatever sum remains in his
hands, and, in the event that the premises sell for more than
three thousand, seven hundred fifty ($3,750.00) dollars,
then in that event any surplus remaining must be paid to
the plaintiffs in ejectment."

From the verdict and judgment below, the plaintiff has
appealed to this Court on two exceptions, as follows:

"(1) That his Honor, the presiding Judge, erred in find-
ing that the jury by its verdict fixed the value of the prem-
ises described in the complaint, without improvements at
two thousand, five hundred ($2,500.00) dollars; it being
respectfully submitted that the verdict of the jury does not
ascertain or fix the value of the land without improvements.

"(2) That his Honor, the presiding Judge, erred in di-

recting the sum of twenty-five hundred ($2,500.00) dollars of the proceeds of sale of the land to be first paid to the defendants in the betterments suit before paying anything to the appellant for the improvements made by him upon said land; it being respectfully submitted that the appellant is entitled to have the entire lands subjected to the payment of the amount found to be due for the improvements placed by him thereon."

These exceptions present two questions: The first seeks an interpretation of the verdict of the jury in relation to the betterment statutes; and the second a construction of those statutes. We shall take up the second exception first. The following is a brief history of the Betterment Acts in this State:

The first of said Acts was passed in 1870 (14 St. at Large, 313). Sections 1, 2, 3, 6, and 7 of this Act have appeared in the several codifications, including the 1922 Code, unchanged, and appear in said Code as Sections 5296, 5297, 5298, 5303, and 5304, respectively. Sections 4 and 5 of said Act, appearing in the General Statutes of 1882 as Sections 1838 and 1839, respectively, were stricken out by an amendatory Act, No. 234, in 1885 (19 St. at Large, 432), and new sections inserted in their places. These new sections appear in the present Code as Sections 5299 and 5300.

These Acts recognized an equitable right and gave a remedy for its enforcement not before existing. *Tumbleston v. Rumph,* 43 S. C., 278; 21 S. E., 86. *Hall v. Boatwright,* 58 S. C., 544; 36 S. E., 1002; 79 Am. St. Rep., 864. The right to recover for betterments being statutory, the remedy or method prescribed by statute for its enforcement must be followed. *Kennedy v. Reames,* 15 S. C., 548; *Bethea v. Allen,* 101 S. C., 350; 85 S. E., 903.

It is necessary, therefore, to look at these statutes for the purpose of ascertaining: (1) Who may claim betterments; (2) what betterments may be

claimed; (3) how the claim may be made; (4) how the claim, when properly made, may be reduced to judgment; and (5) how the judgment may be enforced.

The Act of 1870 provides that, after final judgment in an action to recover lands and tenements in favor of the plaintiff, the defendant may, within 48 hours after such judgment, or during the term of the Court in which the same shall be rendered, file his complaint against such plaintiff for the full amount of the betterments or improvements made upon the lands so recovered by such defendant, or by those under whom he claims provided (1) such defendant, or those under whom he claims, purchased the land so recovered, supposing at the time of such purchase such title to be good in fee; or (2) such defendant, or those under whom he claims, leased the land so recovered, supposing at the time of such lease that it covered and secured the title and interest therein expressed.

The Act of 1885 (19 St. at Large, 343) provides that, in an action for the recovery of lands and tenements the defendant, who may have made improvements or betterments on such land, believing at the time he makes such improvements that his title thereto was good in fee, may set up in his answer a claim against the plaintiff for such betterments.

The said Act of 1885 did not supersede that of 1870, but supplemented it. *Tumbleston v. Rumph,* 43 S. C., 275; 21 S. E., 84. It was, therefore, held by this Court that a defendant in ejectment could not set up a claim in his answer for betterments made by those under whom he claims *(Aultman v. Utsey,* 41 S. C., 304; 19 S. E., 617), but by the express terms of the Act he could set up in his answer a claim for betterments made by himself only *(McKnight v. Cooper,* 27 S. C., 94, 2 S. E., 842; *Gadsden v. Desportes,* 39 S. C., 131; 17 S. E., 706) ; that a claim for betterments made by those under whom the defendant in ejectment claims could only be made by complaint, after final judg-

ment in favor of plaintiff in ejectment *(Salinas v. Aultman,* 45 S. C., 283, 22 S. E., 889; *Bethea v. Allen,* 101 S. C., 350, 85 S. E., 903). The amendment of 1917 to the 1885 Act gives the defendant in ejectment the right to set up in his answer a claim for betterments made by those under whom he claims.

"Our Betterment Acts were passed at different times, and they provide for the recovery of betterments under different circumstances, and each prescribes the manner in which the right therein given shall be enforced." *Bethea v. Allen, supra.*

Plaintiff herein is proceeding under the Act of 1870. As above pointed out, all the sections of Article 4 of the 1922 Code, except Sections 5301 and 5302, constitute the said Act of 1870 as amended in 1885 (19 St. at Large, 432). The Act of 1885 (19 St. at Large, 343), as amended in 1917 (30 St. at Large, 392), now appearing as Sections 5301 and 5302, is inapplicable. The Act of 1870 provides for setting up a claim for betterments, after final judgment in ejectment, by *complaint,* while the Act of 1885 provides for a claim for certain betterments to be set up in the *answer* of defendant in ejectment. Sections 4 and 5 of the Act of 1870, appearing as Sections 1838 and 1839, respectively, in General Statutes of 1882, were stricken out by the said amendatory Act of 1885, and new sections were inserted in their place and stead. The contention of appellant that said new Sections 1838 and 1839 of the General Statutes, as provided in and by said amendatory Act of 1885, should be construed as not relating to Sections 1835, 1836, 1837, 1840 and 1841 of said General Statutes, but as relating only to the independent Act of 1885 (19 St. at Large, 343) is wholly untenable. These new sections now appearing as Sections 5299 and 5300 of the 1922 Code necessarily apply to the procedure provided for in Section 5298 (Section 1837, Gen. St.).

Appellant also contends that the direction in Section 5300 for the sale of the land recovered in ejectment, and the application of the proceeds of said sale to the payment first to plaintiff in ejectment, or his legal representative, the amount ascertained as the value of his land without improvements, is repugnant to other provisions of the Article, to wit: (1) To the following language in Section 5296: "Such defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant, or those under whom he claims." (2) To the following provision in Section 5299: "And the lands and tenements so recovered shall be held to respond to said judgment for betterments in the same manner and for the same time as if the same had been attached on mesne process." (3) To the provision in Section 5300 that "said judgment for betterments shall be a lien on such land in preference to all other liens." And (4) to the provision in Section 5302 that "the lands and tenements as recovered shall be held to respond to such judgment for the defendant: *Provided,* * * * " etc.

The provision in Section 5302 relates to betterments set up in the answer of defendant in ejectment, and is inapplicable here. An examination of the other mentioned sections will, we think, reveal no serious conflict in their provisions. Section 5296 gives a right to the defendant in ejectment, after final judgment in favor of the plaintiff, to recover of the said plaintiff the full value of all improvements made upon the land so recovered by the said defendant or those under whom he claims "in the manner hereinafter provided." The manner prescribed in Section 5298 for claiming such betterments is by complaint filed within 48 hours after final judgment in ejectment, or during the term of Court in which the judgment is rendered.

In *Harman v. Harman,* 54 S. C., 100, 31 S. E., 881, in considering a claim for betterments set up in the answer of

defendant in ejectment under the Act of 1885, this Court said:

"While a defendant may set up in his answer a claim for so much money as the land has been increased in value in consequence of improvements made thereon, he cannot set up as a defense the amount paid in erecting the improvements."

The *full value* of the improvements which Section 5296 entitles defendant in ejectment to recover is defined in Section 5297, to wit:

"The sum which such land shall be found at the time of the rendition of such judgment to be worth more, in consequence of improvements so made, than it would have been had no such improvements or betterments been made, shall be deemed to be the value of such improvements or betterments."

The full value, therefore, does not mean the cost of such improvements, or the value thereof, as of the time they were made, but their value at the time of the final judgment in ejectment.

Section 5299 provides the method by which the value of such improvements shall be determined, namely, by "a special verdict by a jury, under the direction of the Court, stating the value of the lands and tenements *without the improvements* put thereon in good faith by the defendant, and the value thereof *with improvements,*" as of the date of final judgment in ejectment. (Italics ours.)

Section 5300 provides that, upon the final judgment as provided in Section 5299, "the Court shall direct a sale of the land recovered in ejectment on the following terms: That out of the proceeds of sale, the plaintiff in ejectment, or his legal representative, be paid the amount ascertained as the value of his land without improvements put thereon in good faith by the defendant, and the surplus, if any, be paid to the occupying claimant, or his legal representative,

and said judgment for betterments shall be a lien on such land in preference to all other liens."

While Section 5299 provides that the lands and tenements so recovered shall be held to respond to the judgment for betterments and Section 5300 provides that such judgment shall be a lien on such lands and tenements in preference to all other liens, it was not intended that such judgment should have priority over the value of plaintiff's lands and tenements as stated in the special verdict of the jury, or that said lands and tenements should be held to respond to such judgment without any exemption to said plaintiff. Said plaintiff was not given a lien, because, by the ejectment, he is adjudged the legal owner of said lands and tenements. He is given a prior right therein to the extent of the value stated in said special verdict. The true construction of these sections is this:

Upon the filing of a complaint for betterments, after final judgment in ejectment, the Court must stay all further proceedings in the ejectment action, except the recovery of the lands and tenements. A jury shall then be called upon to render a special verdict, under the direction of the Court, stating the value of the lands and tenements so recovered without the improvements, and the value thereof with such improvements as of the date of the final judgment in ejectment. Whereupon the defendant in ejectment (plaintiff in the betterment action) shall be entitled for said betterments to a verdict for the value thereof, as of the date when the said lands were recovered from him. The lands so recovered from said defendant shall be held to respond to a judgment entered upon said verdict, indeed, said judgment shall become a lien upon said lands in preference to all other liens until the sale thereof. Upon the sale of said lands, the plaintiff in ejectment *(i. e.,* the owner of the land) shall first be paid the value thereof stated in said special verdict *(i. e.,* the value of the land without the improvements), and the surplus, if any, shall be paid to the

defendant in ejectment (plaintiff in the betterment action),
or to his legal representative.

There may be no sound reason for giving the plaintiff in
ejectment this preference, yet such is the law. To adopt the
appellant's contention would be to give the defendant in
ejectment the preference—pay him the value of the improve-
ments first, and then pay the surplus, if any, to the plaintiff
in ejectment. A more equitable plan might have been to
have the jury find a proportional verdict, and then upon the
sale of the lands have the proceeds paid to the respective
parties accordingly. But such is not the language of the
statutes.

As to the first exception: While the verdict neither
stated the value of the land with improvements as
of the date of final judgment, nor the value of such
land without such improvements as of that date, and there-
in there was a technical failure to render a verdict in exact
accordance with the language of the statute (Section 5299,
Vol. 3, Code), we do not think the judgment of the lower
Court should be reversed for that reason, or that the trial
Judge was wrong in the construction he placed upon the
verdict. There is no exception to the charge of the Court,
and we must assume that proper instructions were given to
the jury as to the form of their verdict. It is not reasonable
to suppose that the value of the land with the improvements
was materially different on the day the verdict was rendered
from the value at the date of the final judgment in eject-
ment. It is clear that the jury intended to allow the plain-
tiff for his improvements, the sum of $1,250.00, and to fix
a valuation of the land without improvements at the sum of
$2,500.00.

If the appellant thought there was confusion in the word-
ing of the verdict, he should have called the attention of the
Court to the matter at the time the verdict was rendered;
and, then any seeming confusion in the language of the
verdict could have been easily cleared up. See *Rhodes v.*

*Southern Railway,* 139 S. C., 139; 137 S. E., 434, and cases there cited.

It was the duty of the trial Judge to decide what the verdict meant, and, in reaching his conclusion thereabout, it was his duty to take into consideration not only the language of the verdict, but all the matters that occurred in the course of the trial. It seems that Judge Cosgrove had no doubt as to the jury's intention, and, under the circumstances, we do not think there was any reversible error.

It is the judgment of this Court that the exceptions be dismissed, and the judgment of the Court of Common Pleas of Williamsburg County be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting): The appellant's first exception is as follows:

"That his Honor, the presiding Judge, erred in finding that the jury by its verdict fixed the value of the premises described in the complaint, without improvements, at two thousand five hundred ($2,500.00) dollars; it being respectfully submitted that the verdict of the jury does not ascertain or fix the value of the land without improvements."

The exception correctly states the ruling of the presiding Judge in his decree:

"The jury by its verdict fixed the value of the premises described in the complaint, without improvements, at $2,-500.00.

The verdict was:

Value now with improvements ..............$ 3,750.00
When purchased ......................... 2,500.00
We find for plaintiff ..................... 1,250.00

I think that the jury intended that the words "with improvements" should be supplied after the word "purchase," on the second line, so that the verdict would read:

Value now with improvements ..............$ 3,750.00
Value when purchased, with improvements..... 2,500.00

We find for plaintiff ..................... 1,250.00
—and that the presiding Judge was in error in the holding
excepted to.   If, then, $2,500.00 represented the value of
the property *with improvements* at the time the claimant
for betterments purchased, and that was deducted from the
present value, *with improvements,* $3,750.00, it is clear
that in the difference, $1,250.00, the claimant was allowed
only for the improvements which *he* had placed upon the
property, and nothing for what had been placed there by
his predecessors in title, to which he was clearly entitled.
In fact, the latter, a part of the $2,500.00, would have im-
properly increased the subtrahend and necessarily decreased
the remainder.

The rule of the statute is perfectly simple and plain
(Section 5297) :

From the value of the land at the time of the rendi-
   tion of the judgment in ejectment, including all
   improvements ...........................$.....
Deduct the value of the land at the same time, without
   the improvements made by the claimant and his
   predecessors in title ......................$.....
                                                     ———
The remainder ..............................$.....
—will represent "the sum which such land shall be found at
the time of the rendition of such judgment to be worth
more, in consequence of improvements so made, than it would
have been had no improvements or betterments been made,
which shall be deemed to be the value of such improvements
or betterments."

The testimony was directed to the issue above indicated.
Upon the trial of the cause the appellant, as plaintiff in the
betterments suit, adduced testimony for the purpose of estab-
lishing the value of the improvements made by him and his
grantors and predecessors, with the view of showing how
much more the premises were worth in consequence of the
improvements so made than they would have been had no

such improvements or betterments been made. The defendants in the betterment suit adduced testimony for the purpose of establishing the extent of the damages done to the premises by the appellant and his grantors and predecessors, with the view of showing that the amount of damages offset the amount of improvements. In view of the issues made by the pleadings and the testimony in support of the respective contentions of the parties, there is only one construction to be placed upon the verdict of the jury, and that is that the plaintiff himself, between 1919 and 1924, when the suit to recover the land was commenced, placed improvements upon the land to the extent of $1,-250.00, and in the valuation of $2,500.00, fixed by the jury as of the date of the purchase of the property by the appellant, there is included all the improvements made by the appellant's grantors and predecessors. Therefore, the verdict does not show the present value of the premises without improvements which extended over a period of 38 years.

It is manifest, I think, that the verdict did not comply with the law. The first item was entirely correct: "The value *now* (that is at the time of the rendition of the judgment) with improvements, $3,750.00." The second item is entirely incorrect; it should have been: "The value *now* (that is, at the time of the rendition of the judgment), *without* improvements." Instead it declared the value *when purchased,* with improvements (the latter supplied by implication). Instead of declaring the value *now,* without improvements, it declared the value *then* (at the time of the purchase), *with* improvements. With the false factor present, the result was obliged to be wrong.

It has been suggested that it was incumbent upon the claimant to have the verdict corrected at the time of its publication. The appellant's objection is not to the *form* of the verdict, which may have been clear in the indication of its intent, but to the construction of that verdict by the presiding Judge. By the construction contended for by the ap-

pellant, in which I concur, the verdict upon its face is void. If there was an obligation upon any one to have it corrected, the obligation was upon the respondent as heavily as upon the appellant. I do not understand that one who is dissatisfied with an irregular verdict, not simply upon the ground of irregularity, but in its essence and effect, is under an obligation to have it corrected, to tighten the noose around his own neck.

I see nothing uncertain or ambiguous about the verdict. It clearly meant to find that the present value of the property *with improvements* was $3,750.00 and that the value at the time the appellant bought it *with improvements,* was $2,500.00. This is strongly indicated by the conceded fact that the appellant had paid $2,500.00 for it, which, of course, carried all improvements. How could the Judge have ordered it corrected? If he had recommitted it to the jury, with instructions to indicate whether they meant the $2,-500.00 to represent the value with or without improvements, the great probability is that they would have returned with a verdict expressing just what it does, "with improvements."

The presiding Judge construed the verdict differently, as indicated above. Mr. Justice Blease concurs in such construction. So that there is simply a difference between us as to the proper construction. Whichever one is right, it is plain that there was no necessity for a correction of the verdict, and no occasion for the appellant to move.

As to the second exception, I reserve my opinion. There is a direct conflict between Section 5300, relating to the sale, and other sections. As Section 5296 confers the right to betterments, and 5299 provides for the judgment and lien, and 5300 is directory only, I am inclined to think that Section 5300 must give way.

My opinion is that the verdict and decree should be set aside, and the case remanded for a new trial.